182 So. 93

#### MITCHELL v. CRANDALL.

I Div. 298. ·

Court of Appeals of Alabama. ·'
June 7, 1938. · ·

Harry T. Smith & Caffey, of Mobile, for appellant.

D. R. Coley, Jr., of Mobile, for appellee.

SAMFORD, Judge. . ! .

The original ·complaint was in two counts. The first count claiming damages for simple negligence, and the second count claiming damages for wanton negligence. By instructions ·from the court, in writing, at the request of the defendant, the second count was eliminated.

The first count claimed damages for that .on, to-wit, the ·20th day ·of August, 1934, a servant or agent of the defendant, while acting within the line and scope of his employment as such, negligently operated a certain truck, to which was then and there attached a loaded trailer, west-

[2] Ante, p. 231.

wardly along St. Anthony Street, a public highway in the City of Mobile, Alabama, so that the trailer of said truck, which the said agent or servant of the said defendant, as hereinabove referred to, had negligently allowed to become insecurely attached to the said truck, came loose from said truck and crashed into and upon an automobile, the property of the plaintiff, which was then and there parked along the curb of St. Anthony Street in front of the United States Marine Hospital, wrecking, tearing and damaging the said automobile, etc.

Gilbert Biron was examined as a witness for the plaintiff, and testified that he recalled an incident in August, 1934, when a trailer came loose from a truck on St. Anthony Street, just after the truck had made the crossing to the Hospital at Bayou and St. Anthony Streets; that it was late in the afternoon but still daylight; that he stopped at the intersection of the two streets because he heard the commercial truck coming, which was coming at a fair rate of speed, and as the truck passed he noticed it had a trailer and after it had passed him and gone some little distance the trailer became detached. There was parked between the detached trailer and the sidewalk an automobile, and the trailer sort of side-swiped it. This witness further testified that after the accident he went to the hospital and notified a young lady telling her to notify the owner that there had been some damage done to his property, and further, to notify him that the commercial truck had gone almost to Coleman's Store (about one city block) before the driver noticed the fact that the trailer had become detached. This witness also testified that the name "Davis" and something else was on the side of the truck, that he could not testify that it was Henry Davis, that he did not talk to the driver of the truck, but that the truck was being driven by a colored man. This witness testified that he did not know any of the parties, and had no interest in the matter.

Henry Davis, upon being examined as a witness by the plaintiff, testified that he knew nothing about the accident, that some time before the accident he had been driving a truck for Rejo Realty Company with his name on it, but at the time of this accident he was not driving the truck, and had not been for seven or eight months; that so far as he knew, the Rejo Realty Company owned the truck with his name printed on the side of it. This witness further testified that Mr. Joe Mitchell, the defendant in this case, told him to put his name on the side of the truck which he was driving for the Rejo Realty Company, and that his name had remained on the truck after he had quit driving it. This witness also testified that when he worked for the Rejo Realty Company that Mr. Mitchell was his boss; that he did not know who bought the truck, but that he was sent down to Zimmern's place by Mr. Mitchell with another boy to bring two trucks down.

It will be observed that there is no testimony identifying the automobile claimed to have been injured, as the property of the plaintiff; nor, is there any evidence identifying plaintiff's automobile as being the automobile injured by the truck; nor, do we find any evidence in this record which would justify the jury in finding that the truck which injured the automobile parked in front of the United States Marine Hospital was owned by, or was being operated for and under the direction of this defendant.

It is true that Mr. Coley, the attorney for the plaintiff, called up the defendant over the telephone and made certain demands upon him, but there is nothing in Mr. Coley's testimony which amounts to an admission on the part of the defendant that it was his truck and trailer, or that it was the automobile of the plaintiff with which the collision was had.

It follows from above that it is unnecessary to pass upon the various rulings of the court other than its refusal to give, at the request of the defendant, the general affirmative charge.

The general affirmative charge should have been given, and for the failure of the court to give this charge, the judgment is reversed and the cause is remanded.

Reversed and remanded.